UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. __3:22-cv-541-DJH__

*ELECTRONICALLY FILED*

JACK COOPER TRANSPORT COMPANY, LLC,
Successor to JACK COOPER TRANSPORT COMPANY, INC.            PLAINTIFF

v.

CAROLINA CASUALTY INSURANCE COMPANY
  Serve: Kathleen Diane Webb, Process Agent
        4600 Touchtown Road, East Building 100, Suite 400
        Jacksonville, FL 32246                                    DEFENDANTS

## **COMPLAINT**

Plaintiff, Jack Cooper Transport Company, LLC, successor to Jack Cooper Transport Company, Inc., for its Complaint against Defendant, Carolina Casualty Insurance Company, states:

### I.     PARTIES AND JURISDICTION

1. Plaintiff, Jack Cooper Transport Company, LLC ("JCT"), successor to Jack Cooper Transport Company, Inc., is a limited liability company whose sole Member is Jack Cooper Holdings, LLC. The sole Member of Jack Cooper Holdings, LLC is Jack Cooper Investments, Inc, which is incorporated under the laws of Delaware and has its principal place of business in Georgia. Therefore, for diversity of citizenship jurisdiction, JCT is a citizen of the states of Delaware and Georgia.

2. Defendant, Carolina Casualty Insurance Company ("CCIC"), is a corporation incorporated under the laws of Iowa with its principal place of business in either Florida or Iowa. CCIC is authorized to conduct insurance business in Kentucky, with Kentucky Department of

Insurance ID number 300271.  For diversity of citizenship jurisdiction, CCIC is not a citizen of Delaware or Georgia.

3. This action concerns a claim for indemnity under a liability insurance policy in the claim amount of $150,000, plus pre-judgment interest on that liquidated sum from November 18, 2018, at a statutory rate of either eight percent (8%) per annum or twelve percent (12%) per annum as discussed herein.  JCT also seeks statutory attorney's fees.  Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has jurisdiction over this action pursuant to 28 USC § 1332(a) because it involves citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in the Western District of Kentucky, Louisville Division, under 28 U.S.C. §1391(b)(1) and (2) because: (i) CCIC is deemed to reside in this District under 28 U.S.C. §1391(c)(2); and (ii) a substantial part of the events or omissions giving rise to JCT's claim occurred, or a substantial part of the property that is the subject of the action is situated, in Jefferson County, Kentucky.

## II.   FACTUAL BACKGROUND AND CLAIMS

**The bodily injury claim and JCT's indemnification of Ford Motor Company.**

6. On February 22, 2015, Steven A. Bowen fell on ice and hit his head on property owned by Ford Motor Company ("Ford") in Jefferson County, Kentucky.

7. By letter dated October 16, 2016, Ford demanded indemnity from JCT, for the bodily injury claim of Mr. Bowen, under an Origin Service Provider Contract ("OSP") between JCT and Ford.

8. Pursuant to the OSP, the parties agreed that JCT would provide "Yard/Inventory Management, Rail Loading & Unloading" services at the Louisville location of Ford's Kentucky Truck Plant.

9. JCT's services included: "Snow clearing and salting to allow for the safe flow of vehicles and pedestrians throughout the yards," which includes the location of Mr. Bowen's fall.

10. In the Complaint that he filed against Ford, Mr. Bowen alleged that Ford was negligent in maintaining the premises and that Ford failed to provide a safe premises.

11. In correspondence to JCT, CCIC acknowledged JCT's contractual obligation to keep the area where Mr. Bowen fell free from the kind of condition that Mr. Bowen alleged caused his fall. CCIC stated in its December 18, 2017, letter to JCT: "Accordingly, it appears that convoy lot, Lot C, is a location for which Jack Cooper Transport has a contractual duty imposed by the OSP Contract and its appendices to clear snow and salt for the safe flow of pedestrians throughout the yards."

12. The Global Terms and Conditions in effect since December 1, 2007, and incorporated into the OSP Contract (and in the OSP in effect until the 2015 one became effective), include paragraph 12 – "DEFENSE AND INDEMNITY" – which provides that JCT is exclusively responsible for claims resulting from bodily injury arising out of or in connection with JCT's performance of its work at Ford, except for claims arising out of Ford's willful misconduct or sole negligence.

13. In its October 26, 2016 demand letter to JCT, Ford cited both subparagraph (a) and subparagraph (b) from paragraph 12 in support of its demand. These subparagraphs state in relevant part:

> (a) *To the full extent permitted by applicable law*, Seller [JCT] will indemnify Buyer [Ford] … for all expenses (including attorney fees, settlements, and judgments)

incurred by Buyer in connection with all claims (including lawsuits … to recover for personal injury …) that are related in any way to Seller's representations, performance or obligations under a Purchase Order …. Seller's obligation to indemnify under this Section will apply regardless of whether the claim arises in tort, negligence, contract, warranty, strict liability or otherwise *except to the extent of the negligence of Buyer*.

(b) If Seller provides services to Buyer on Buyer's premises, Seller will examine the premises to determine whether they are safe for such services and will advise Buyer promptly of any situation it deems to be unsafe…. Seller shall be exclusively responsible for, shall bear, and shall relieve Buyer from liability for all loss, expense, damage or claims sustained by any person or persons … arising out of, or in connection with the performance of work on Buyer's premises *except that Seller shall not be responsible for or relieve Buyer from liability for claims arising from the willful misconduct or the sole negligence of Buyer* ….

14. In a December 18, 2017 letter to JCT, CCIC stated: "The CCIC Policy could provide coverage for Jack Cooper Transport's indemnity obligation to Ford-Michigan to the extent that obligation is limited to Jack Cooper's liability for its own negligent acts or omissions."

15. Under the agreement between JCT and Ford, JCT had the obligation to keep the affected area of Ford's Louisville facility free from the kind of condition that resulted in Mr. Bowen's injuries.

16. In demanding indemnity from JCT, Ford claimed that JCT's negligent performance of its snow removal obligations caused Mr. Bowen's fall, thereby exposing Ford to liability to Mr. Bowen.

17. For Mr. Bowen's injuries, the ultimate responsibility for the condition of Lot C rested with JCT. Therefore, Ford's liability arose entirely out of the conduct or negligence of JCT, not out of Ford's own conduct or negligence.

18. By correspondence dated October 21, 2020, Ford's counsel explained: "Ford made the request based on the fact that, at the time of the incident that resulted in Mr. Bowen's

injury, the area in question, which includes the area of Mr. Bowen's fall, was under the sole control of Jack Cooper. Therefore, Mr. Bowen's fall was caused solely either by Mr. Bowen's negligence or the negligence of Jack Cooper in failing in its sole duty to remove snow and ice from the premises."

19. Ford settled Mr. Bowen's bodily injury claim for $150,000.

20. On or about October 19, 2018, JCT paid Ford $150,000 to reimburse Ford for the bodily injury payment to Mr. Bowen.

**The CGL insurance coverage owed by CCIC to JCT.**

21. CCIC issued Commercial Transportation Policy Number CGT_362299_P to Named Insureds that included Jack Cooper Transport, Inc., with a Policy Period from October 1, 2014 to October 1, 2015 ("the Policy").

22. The Insuring Agreement in the Commercial General Liability Coverage Form (CG 00 01 04 13) in the Policy states in part: "1(a). We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

23. The Insuring Agreement in the Commercial General Liability Coverage Form (CG 00 01 04 13) in the Policy states in part: "b. This insurance applies to 'bodily injury' and 'property damage' only if: (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'; (2) The 'bodily injury' or 'property damage' occurs during the policy period; …."

24. Exclusion 2(b) in the Commercial General Liability Coverage Form (CG 00 01 04 13) in the Policy states in part: "'Bodily injury' or 'property damage' for which the insured is

obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages: (1) That the insured would have in the absence of the contract or agreement; or (2) Assumed in a contract or agreement that is an 'insured contract', provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement."

25. Under Endorsement CG 24 26 04 13 – AMENDMENT OF INSURED CONTRACT DEFINITION – the Policy definition of "insured contract" includes: "f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for 'bodily injury' or property damage' to a third person or organization, provided the 'bodily injury' or 'property damage' is caused, in whole or in part, by you or those acting on your behalf.  However, such part of a contract or agreement shall only be considered an 'insured contract' to the extent your assumption of the tort liability is permitted by law.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement."

**CCIC's breach of the insurance policy.**

26. JCT's payment to Ford was a sum that JCT became legally obligated to pay as damages because of "bodily injury" to which the insurance provided by the Policy applies.

27. The injury to Mr. Bowen was "bodily injury" caused by an "occurrence" that took place in the "coverage territory" and during the policy period of the Policy.

28. JCT's liability to indemnify Ford for Mr. Bowen's claim was for "bodily injury" caused, in whole or in part, by JCT or those acting on JCT's behalf.

29. JCT was permitted by law to assume the tort liability of Ford to Mr. Bowen for bodily injury caused, in whole or in part, by JCT's negligence in its performance of its work at Ford's premises.

30. CCIC denied JCT's claim under the Policy arising out of the bodily injury to Mr. Bowen.

31. CCIC was obligated to pay JCT's claim, as described above, under the terms of the Policy.

32. CCIC breached the Policy by not indemnifying JCT for JCT's payment arising out of the bodily injury to Mr. Bowen.

33. CCIC lacked a reasonable basis in law or in fact for denying JCT's claim.

34. CCIC either knew there was no reasonable basis for denying JCT's claim or acted with reckless disregard for whether such a basis existed.

35. CCIC has acted outrageously towards JCT.

36. CCIC failed to pay JCT within thirty (30) days from the date on which JCT provided notice and proof of its claim for indemnity for the $150,000 payment made by JCT to Ford.

37. Under KRS 304.12-235(2), JCT is entitled to interest at the rate of twelve percent (12%) per annum on JCT's $150,000 claim from and after November 18, 2018.

38. With pre-judgment interest, the liquidated amount due from CCIC is at least $234,000.

39. Alternatively, with pre-judgment interest calculated at eight percent (8%) per annum, the liquidated amount due from CCIC is at least $202,000.

40. Under KRS 304.12-235(3), CCIC's delay was without reasonable foundation; therefore, JCT is entitled to be reimbursed for its reasonable attorney's fees incurred.

41. All conditions precedent to recovery by JCT have been performed or have occurred.

WHEREFORE, Plaintiff, Jack Cooper Transport Company, LLC, demands that judgment be entered against Carolina Casualty Insurance Company as follows:

1. Awarding JCT all compensatory damages it has incurred or will incur;

2. Awarding JCT punitive damages;

3. Awarding JCT statutory interest at the highest allowable percentage;

4. Awarding JCT its costs and attorney's fees; and

5. Awarding JCT any and all other relief to which it may appear entitled.

Respectfully submitted,

*/s/ Robert L. Steinmetz*
Robert L. Steinmetz (KBA No. 67488)
rsteinmetz@gsblegal.com
Gwin Steinmetz & Baird, PLLC
401 West Main Street, Suite 1000
Louisville, KY  40202
(502) 618-5711 (phone)
(502) 618-5701 (fax)

*Counsel for Plaintiff,*
*Jack Cooper Transport Company, LLC*